The next case the court will hear is Cardenasvs Attorney General United States, appellate number 25-1522. Good morning and may it please the court, Harman Singh on behalf of Petitioner Samuel Cardenas. I'd like to reserve three minutes for rebuttal. That'll be granted. The Violence Against Women Act provides relief to victims of abuse by a parent who is or was a lawful permanent resident. Tell us the definition of is or was from your point of view. Now or then. Is meaning the present tense, now, then meaning any time in the past. Now, at which point in time? Sure, so we point of view from the time the petition is filed. At the time, the attorney general's reviewing it at the time that a reviewing court is reviewing it. Yes. So we think this court's precedent makes clear that it is the time at which the petition is adjudicated by the attorney general. That's the time at which, as the statute provides, the attorney general determines that the alien is eligible for relief. And that is also, as this court said in Robinson, that is when is means at the time of the petition. So the court there said that the present tense makes plain that the facts in the petition must be true at the time USCIS decides the petition. That's Robinson. Similarly, in Abdul Akbar, the court concluded that is under imminent danger means at the time at which the application is adjudicated. And so we think is or was, by its plain definition, means now or then. What's unique about this context, we've got a lot of adjudicators. And you first said the attorney general. So are we talking about the immigration judge, the BIA? Who are we talking about for that purpose? Sure. So we think, to be clear, under either, wherever the court pegs this at the IJ, BIA, it's undisputed that the abuser here had lawful permanent resident status for at least years, almost a decade before the petition was adjudicated. We think it's when the attorney general exercises the delegated discretion. The statute starts with the attorney general. I understand these facts has the alleged abuser having lawful permanent resident status after the abuse, by the time the application was filed by petitioner, before the first immigration authority being the IJ, right? So I know those are your facts. I think Judge Phoebus' question went to, if we were going to give a test, who is it? And you said, when the petition is adjudicated by the attorney general. And my question for you is, is it the immigration judge? Is it the BIA? So we think it would be at the time the adjudication is final, which if it's appealed to the BIA, then it would be. The BIA, no one has briefed that or disputed that issue. But we think it's when the attorney general exercises its discretion. And that's because the statute says it's when the attorney general may cancel removal when the alien demonstrates that. And so it's whenever the attorney general is exercising its delegated discretion. But it's got to be for certain before the petition for review is filed before the Court of Appeals. Again, in this case, it's very clear that under any of these readings, the lawful permanent resident status was not only acquired almost a decade before petitioner filed his petition. I grant you all that. My question is, if we were writing an opinion, where would it, when does it need to be, when does this individual have to have LPR status? Could it be as, quote, lead as oral argument on the petition for review? Could it be today? Yes. So I think if you were writing an opinion, I would just parrot exactly what the court said in Robinson in 2009, which is the use of the present tense in is makes plain that the facts in the petition, including in that case, the alien status must be true at the time. You know, in immigration proceedings, there is there's the ability to reopen. So and sometimes, you know, the ability to reopen extends for years and years and years later. Do you think that if there's a motion to reopen, that that would be the appropriate time period? Let's just sit there and say we don't have LPR status, but years and years and years go by later. Now there's a motion to reopen. You think that that would be good enough? Because that's that's actually the exercise that's truly discretionary. Right. It would reopen something. And that's truly the attorney general's delegate doing that work. So you think that that would be the appropriate time? Short answer. Yes, your honor. We think is means now. And so it's at the time of the adjudication of the petition. So is really doesn't just mean now is means is forever after as long as as long as anything ever touches the attorney general's discretion one way or another. It can be brought about by any petition, any motion to reopen later. It's kind of a forever after. So, again, we think is is when the attorney general exercises his discretion, whether that's now or later. And that's particularly important for this provision as compared to the self petition provision, because here you can't apply for cancellation of removal until you are put in removal proceeding. That's exactly why Congress didn't add a time limit here or an age out requirement here for petitioners, because it was wanted to provide relief for victims of abuse to leave those abusive relationships. And unlike the self petition provision here, you can't actually exercise this relief until you have been put into removal proceedings. And we also think, frankly, Congress amended the statute to expand relief in 2000, changing it from is a lawful permanent resident to is or was. And in order to give that amendment meaning, the only way to do that is for is to be now and was to mean at some point previous to now, as the plain text provides. And we think that fully accords both meaning to Congress's amendment to VAWA. It also accords meaning to the neighboring provisions of VAWA, which make clear that is means now at the time of adjudication and was means at some point in the past. Can I ask you? I mean, obviously, we're focused on the meaning of is or was in 2A12. But how about has been battered or subject to extreme cruelty? Does that does the does that has been need to continue up until now? What if the person has escaped, fled, et cetera? There's no longer a concern that the battering is ongoing. Does the petitioner still benefit from it? Yes, the petitioner still benefits from it. And we think text, purpose, context, every indicator of statutory meaning points in that direction. So starting with the text, the Supreme Court in Barrett, most recently in Hewitt, has made clear that has been can mean either a past completed act or ongoing continuing status. So just as a grammatical matter, the present perfect has been can refer to past completed acts and doesn't require ongoing status. As a matter of purpose, VAWA very clearly was intended to allow victims of abuse to leave those abusive relationships. And in fact, if there's an ongoing abuse requirement in a vast majority of cases, the petitioner is incarcerated. It wouldn't even make sense to require ongoing abuse before we get too far down purpose. It's interesting to me that has been can have two means over and done with in the past or continuing. But then it's in connection with a statute that later says is or was and is or was suggested were interested in the past and the present. So it has been has a meaning that could mean the past or the present. So you like is or was to mean past or present. But you like has been in the same statute to mean only past. You understand that that's a little bit of an asymmetry of grammatical terms, right? Absolutely, it's an asymmetry. And that's because Congress put in two separate temporal verb clauses. Right. So here, Congress says has been referred. And we're trying and we're trying. And one of them is ambiguous. And we're trying to figure out what the ambiguous one means. And so one of them talks about past continuing to the future. The other one can mean past continuing the future. And so rather than use it like Congress does later in the statute, you want us to use it differently. So so we don't that two points on our first. We don't want to use them differently. So is or was can refer to something now or something in the past that was here or being operative. Permit someone who had status but then later lost status. As we explain, that's natural because abusers may very well lose status if the victim reports the abuse. And then similarly with has been, it can be something that happened in the past or continues up until the present. And so we actually think they're kind of doing the same work here. But even if they weren't, to kind of get to the brunt of your question, we think is or was is modifying the subject in the sentence, which is spouse or parent. That's a separate question from the first half of the sentence, which says has been battered or subjected to. And so the has been modifies the battery. This actual abuse that's happening and the is or was modified status. And because, as we explained in our supplemental brief, the sentence is framed in the passive. Everything that comes after by is just providing the subject of who is doing the battery or subjection of the alien to extreme cruelty. And so we think it's very natural as a grammatical matter to read them separately. And we are actually reading them and harmonizing them in a way that the government's reading does not. Is there another way, though, that they potentially could be harmonized? Like the alien status as a lawful permanent resident can be lost. You could have it, you could lose it. But the, I'm sorry if I said alien, I mean abuser, could be a lawful permanent resident and could have it or lose it. But the petitioner, they're using the language alien, has been battered. You don't lose that. You have been battered. It's an event that's happened or it could continue to happen. Could that be an explanation why the language choice is different and therefore not inconsistent? Absolutely, Your Honor. I would add that as a third point or maybe as my first point on top. I think, as we explained in our supplemental brief, battery and subjection is an immutable status. It creates the immutable status of being a victim of that. And so when you look at what Congress is trying to do here with its plain words, it's covering someone who has been either in the past or continuing, battered or subjected to extreme cruelty. And then the by spouse or parent, the who is or was a lawful permanent resident is just modifying that subject. And that is a status that can change. And that actually explains exactly why Congress both added the words or was. What you just said just prompted something. You said the status can change. And I know that you meant status as vis-a-vis immigration status. But also status is spouse or parent can change. And so what's the timeline that we're – I mean when should we – so, A, we don't have a case law on point saying that step parents are parents. But you can go in and out of being a step parent, obviously. You can go in and out of being a spouse. When should we – so I guess there's two points. Why should we interpret parent to mean step parent, one? And two, what's the timeline for evaluating spouse or parent? Should it be at the time of the abuse, at the time of the application, at the time they became an LPR? What are your thoughts on that? Yeah, so to take the questions in order to the first, the reason the court should interpret step parent to qualify as parent is the INA specifically provides for that. So that's 8 U.S.C. 1101B, which defines parent to include step parents. You can also see this in the IJ's decision in footnote 5. The IJ says step parents include parents. To your second question, because the sentence is in the passive and the by is providing the subject, the spousal or parent status is at the time of the battery or subjection, because it's just providing who is doing the battery or subjection, so it's naturally connected. Then the question becomes Congress has further modified it. It didn't just provide relief to people who have been battered or subjected to extreme cruelty by a spouse or parent. It then modifies spouse or parent. But if Congress had intended lawful permanent resident to also apply at this time of the abuse, it very easily could have said battered or subjected to extreme cruelty by a lawful permanent resident spouse or parent. It didn't do that. Instead, it added the words is or was. So just to tease this out, let's just say we have a boyfriend abuser who's not a spouse or not a step parent. At the time, that abuse wouldn't qualify under your reading, even if that boyfriend later became spouse and step parent but didn't abuse in that capacity. It would not qualify if there was no overlap between the abuse and the spousal status. We think that's very clear. What Congress was focused on here was providing relief to victims who are in abusive marriages or are the children of abuse. Obviously, we think especially when you're a child of abuse, the formality of your parent status just matters a little less. And so we think what Congress is trying to cover is spouses, children, providing them relief, so that when they leave those abusive relationships, they are not worried. As here, the abuser threatened his victims that they will get deported. The IJ, it's uncontested, found that the abuse was not reported because of fear of immigration status. That is exactly what Congress meant to cover, and that's why they wrote the statute in a broad way to cover both past someone who had lawful permanent resident status and someone who now. So you're saying that this statute would not apply to a situation where a boyfriend and a girlfriend were living together. They had the girlfriend had a child from another relationship. The abuser is the boyfriend. The girlfriend had a child from another relationship. They're all living under the same roof. This statute wouldn't apply. This is not the statute. The statute wouldn't apply to the girlfriend? Or the child. Because if the abuser's not the parent of the victim. Yeah, so whether it applies to the child, I think, is a harder question, which will turn on the definition of child in the INA and the provision that I cited earlier. Whether it would not apply to a boyfriend or non-spouse. The statute very clearly says it applies to spouse or parent. And again, here, there's no question that there was a clear overlap between all of the parental status and the abuse. We got it, Judge Bibas. Anything else, Judge Phipps? Okay, we'll see you on rebuttal. Great, thank you. May it please the Court, Alana Young for the Attorney General. Your Honors, the plain language of just reading the natural language of 1229B, Your Honors. The phrase, by spouse or parent who is or was a lawful permanent resident is modifying the action that came before it, has been battered or subjected to extreme cruelty. And that's why the Board concluded in LLP that the action is explicitly tied to by whom. The action is the answer is by whom was it conducted by. But it doesn't say who at the time. You know, it's a present tense or it's a past tense. Now, the case you reference relies on something that's in the parenthetical that follows that about the parent of a child or alien that makes a reference to by such permanent resident parent. But that's not the situation here. This case doesn't turn on the parenthetical at all. It doesn't turn on the parenthetical, Your Honor. But as the Board found it, the parenthetical does provide context when we're looking at the entire 1229B and we look at the parenthetical to explain what is or was means. And the parenthetical, as the Board said, if you are just reading what relief is provided to the parent of a child. If you take out the by such permanent resident parent, that clause right there, if you take out that prepositional phrase, the parent would still be entitled to relief. The only thing that changes of our understanding of the statute is who conducted the action against that child. So the parenthetical provides that it is by such permanent resident parent. And because that parenthetical provides that context, that's why it's explicitly tying the abuse to the time and the time of the abuse to the status of the lawful permanent resident parent. And it doesn't turn on, Your Honor, it doesn't. It just, because of the way that the statute is written, the parenthetical provides us context. But if we look at the... It talks about the victim was, I'm sorry, the abuser either is or was a lawful permanent resident. And it does it in both spots. Your reading says, only refers to what happened in the past and doesn't focus on the is. How do you reconcile the fact that you've just read out the word is? Well, in the... Well, it doesn't read out the word is, Your Honor, because is ties into... Your Honor, because the is is part of the parenthetical that explains by a spouse or parent who is, and that connects it with the has been battered or subject to extreme cruelty. In the parenthetical, by such permanent resident parent, that is is still there in the is or was a lawful permanent resident. I see it's present. I see the words are there, but your interpretation... Let's go back. Do you agree the word is means at present or could be something in the future? Yes, Your Honor. Okay. And you agree that the word was means the past, right? Your Honor. So if that's the definition, those two little words, and they appear twice once in the portion of the statute we're looking at that precedes the parenthetical and afterwards, shouldn't it be read the same in the present or in the past? I understand what Your Honor is saying, but where the verb is, where is is being used matters. And in the first part, by a parent, in the first part, is or was is used by a spouse or parent who is or was a lawful permanent resident. And then when we go into the parenthetical, that is or is the parent of a child is similarly to the is that has been used at the beginning of 1229B, A, an alien who is inadmissible or deportable. The is, where the is is being used and whether it's used as a part of the prepositional phrase, modifying what action, that's what determines the ties between. But it doesn't answer my question about whether the person was at present a particular in a particular immigration status or had been or was in the past in a particular immigration status. Because the words that follow in each follow who is or was a lawful permanent resident. That's the language that's in both spots. Yes, Your Honor. And it's who is or was, and that modifies the action of, in the, outside of the empirical, that modifies the action that the battered, the individual has been battered or subject to extreme cruelty. That connects it. Who is performing the action? The parent who is an LPR. Who is performing the action? That's the parent who's performing the LPR. And that has to be, that indicates that the action has to tie in with the status at that time. That establishes the temporal limitation. So, can I just see if I'm tracing what you're saying? Because I'm not sure I am. What you're saying is that what was means is that the significance of was is that the abuser was an LPR before the abuse. And the significance of is is that the abuser was an LPR at the time of the abuse. And that is or was does not really matter as to the timing of the application or anything else like that. Am I tracing what you're saying or are you saying something else? Slightly, slightly, slight change, Your Honor. The was indicates that the person was an LPR, but they could later lose that status. And if they later lose that status, then the victim does not lose their opportunity to apply for relief because their abuser has lost that status. That's how the was is being read, Your Honor. So, I find that don't you think the history here is relevant? Because this statute originally read is a parrot is a United States citizen. And then it was broadened to is or was to expand. So, Congress was very careful about adding a tense here. It didn't move straight to was and take away is. So, shouldn't we treat this as reaching the whole time frame? No, Your Honor. It's valid 2000 when added the language was added. It did. The language was it improved access. And by the government's interpretation or was means that if the abuser subsequently lost their status, that does not prevent the victim from later applying for relief. That's the was. Adding that was adds in that subset of victims that because their abusers lost their status, they couldn't apply. But that's the was. That's the improved access. The government's position is that is the improved access by adding the was. The is can still tie into the abuser's status at the time of the abuse. And then when Congress added the or was, that included all the victims who, abusers who subsequently lost their status. But wouldn't the statute have been written had been rather than is if the abuser had been an LPR at the time of the abuse? Wouldn't that have the language we read rather than using this present tense language? It could have, Your Honor. It could have, Your Honor. I mean, English is hard. English is hard. And so that's why we're having this discussion. But I think Your Honors can look at 1154. My friend on the other side had reference to 1154. And I think if you look at 1154, the self-petitioning provisions, you'll see that there are languages, that language that is more explicit to referring to after the filing of the petition or when the petition is filed and when it is approved and by the alien's citizen parents. So when we have the amendments in 2000, we do have Congress explicitly providing for 1154 and 1229B. And so Congress made a choice to not use has been. It added was instead. And the government's position is to improve access to was provided victims whose abusers subsequently lost their status so that they can still be afforded the opportunity to apply for relief. In your brief at 34, you talk about matter of LLP. And you say it emphasizes this, quote, has been language. So obviously Congress knows how to use it when it means to convey a message. So should that be an indicator to us that when Congress chose is or was, it was communicating, it meant at the present or going back into the past? It could, Your Honor, but when we're looking at the entire structure of that sentence, it's has been battered or subject to extricately by a spouse or parent who is or was a lawful permanent resident. And the has been battered is focused on the alien status. I'm sorry, the victim's status. They suffered something that I think your adversary used the word immutable. Yes, Your Honor. Has been. Yes, Your Honor. Fixed in time. The is or was talks about a status that could change, i.e., your immigration status. And you're sort of conceding that that's why the was was added, because immigration status can change. Yes, Your Honor. Go ahead. And the government is saying that status that can change is tied into the by spouse or parent. That by ties that status into the timing of the abuse. So you're saying that the only people who can bring this is at the time of the abuse, the abuser had LPR status. Everybody else is out of luck. Or someone who subsequently, their abuser lost their LPR. But they had to have LPR status at the time of the abuse. Yes, Your Honor. Is your position. Yes, Your Honor. They had to have LPR status? I thought you said to me that they could have had it before the abuse but lost it and then still went on the abuse. I thought that's what you were saying was meant. That was the one correction that I made, Your Honor. That the was means that they can subsequently lose their status. All right. I understood your correction saying that you could lose your status beforehand because that's what was. But no. Okay. I understand that our interpretation is unsatisfactory, Your Honor, because of that was and where it comes into play. But we think the government thinks that the plain reading of the statute is that parenthetical phrase modifies the action of being battered or subject to abuse. What about has been? You know, it seems that there is. You think that has been. It seems that the government's conceding that has been has to be in this context over and done with action in the past, not action continuing into the present. We do conclude a footnote saying that has been could be also a continuing action, Your Honor. We do say that in the footnote. Our reliance on has been being a completed action is because we were relying on the board's decision on matter of LLP, which their definition was based on the Supreme Court's decision. But we do recognize that has been as a perfect present tense does include continuing could include continuing actions. But you don't think you don't think it has that meaning here or do you think it could have that meaning here? It could have that meaning here, Your Honor. It could have that meaning here, Your Honor. An alien who suffered abuse as an LLP, an alien who suffered abuse and their parent was allowed LPR, they could apply for special rule cancellation. An alien who continues to suffer abuse and their parent has LPR status, they could apply for abuse. An alien who continues to subject abuse or had suffered abuse, if their parents had, if their abuser had lost their LPR status, they can still apply. That's our that's the class of victims that it would be, Your Honor. How is that consistent with the whole purpose of the statute? Your adversary is going to talk about text purpose structure, I guess. The purpose of the amendment was the Violence Against Women's Act, and it was to protect those who were victims to abuse. Under the government's reading of someone who was abused by someone who was not an LPR but became an LPR. Two months later, that person who could no longer seek relief, that abused person. Yes, Your Honor. And so. And how is that consistent with the purpose of VAWA? Yes, Your Honor. So the purpose of VAWA, as the government understand it, is it enables aliens to leave their abusive relationships of LPR with LPRs or U.S. citizens who may use who may use the threat of deportation against them or sponsorship of an immigration benefit to control the victim. That's our that's our understanding of VAWA 1994 and the amendment in 2000. And this, the interpretation serves that purpose because during the time of the abuse, the victim would have not had status and the abuser would have the status. And so they would be able to use their status as leverage, threatening deportation or saying that they won't sponsor. But in this case, we actually have the facts, as found by the IJ, is that the abuser here used his used his abusive behavior to cajole the petitioner's mother to support his immigration application. So I'm not sure that the absence of one status means they lack power. In fact, he was using his abusive, according to the record, his abuse to to intimidate her to support his his application. Yes, Your Honor. And he he used everything and anything to since they dated in 1994. He used every and every any and every reasons, unbeknownst to us, to abuse petitioner and his mother. That is well understood. But that doesn't mean that that doesn't mean that under the VAWA, the government's natural reading is not inconsistent with the VAWA purpose of enabling aliens to leave their relationship. Let's pretend the mother didn't have status and she was the petitioner in this case. And we have the same record of of terrible treatment. We have the same representation that he cajoled her in certain ways to facilitate his staying in the United States. He then gets LPR status. She's out of luck for making it up. And then she gets a notice to appear before an IJ. He's finally got his status. She's without relief because he became he got his status a week before a week after the week before she got hauled in on her notice to appear. Mayor, of course, she wouldn't be able to. She wouldn't be entitled to special recancellation of her movie. How is that in further? How is that consistent with the purpose of VAWA? But she would be able to be entitled to other forms of relief. Your Honor, VAWA does not. There is asylum with holding cat for domestic violence. Understood. Yes. VAWA is provides intended to provide protections to battered women and battered women and children. Yes. But it doesn't provide a blanket slate of protection for everyone who suffered domestic violence. Your Honors, there are certain statutory provisions, their eligibility criteria. And that's the reality of the statute and how it works. And the situation that you provide, she would not be entitled to. Understood. Thank you for your argument. Thank you, Your Honors. Just three points on rebuttal. First, to start where Judge Biba started with Congress, adding the word or was in order to give that meaning, particularly in the context of the statute initially saying is or was. The government reads was, I believe, to mean later changes in status after the time of the abuse. But that's already covered by is. And so as we know, the government's reading would render or was superfluous. And Congress was very intentional in adding that to the statute. And if they had meant to say had been, they could have, as they did elsewhere in the statute. Second, on matter of LLP, the government brought up two points about that. Your Honor, first, not binding on this court given Loper and also inconsistent with what the BIA had concluded for a decade, which was that the most straightforward reading of the text is the reading that we provide. Are you relying on Salaheen? That's right, Your Honor. And that's just to show that matter of LLP departed from the settled board practice. We don't think the court needs to rely on that. But Salaheen says this is the most straightforward reading of the text, which is an indication of the most straightforward reading of the text. And two, matter of LLP was wrong on its own accord. First of all, that read has been to only refer to past abuse, which the government has conceded today. And we agree can mean continuing abuse. And two, it got the purpose of VAWA wrong. It thought that abusers can only exert immigration leverage if they have formal status. Third, the government brought up the VAWA self-petition regulations. Those confirm our reading. They say that, quote, the abusive parent must be a lawful permanent resident when the petition is filed and when it is approved. So we think those absolutely confirm our reading. And we think it is undisputed that the abuse in this case was horrific and extended over decades. The expert called this the worst case the expert had ever seen. And it's also undisputed, as you mentioned, Judge Schwartz, that the abuser not only exerted immigration leverage over his victims, but used them to get his own immigration status. That is precisely the situation that Congress addressed in VAWA. This court should give that statute its plain meaning and grant the petition for review. Thank you for your arguments. Thank you. The court appreciates the arguments that counsel offered today. You did a great job. And the court will take them out.